UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORNA P.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:20-cv-01382-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

    Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred in assessing the medical evidence and testimony, and erred in excluding lay evidence as untimely submitted.[1] Dkt. 13 at 1. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

    Plaintiff is currently 50 years old; has a high school diploma and some community college coursework, as well as vocational training as a pharmacy technician; and previously worked as a pharmacy technician. Tr. 65-69. In July 2017, she applied for benefits, alleging disability as of July 3, 2017. Tr. 174-75. Her application was denied initially and on

---

[1] Plaintiff also assigns error to other aspects of the ALJ's decision, but reiterates arguments raised in her other arguments; thus, these need not be addressed separately. *See* Dkt. 13 at 17.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

reconsideration. Tr. 106-12, 114-20. The ALJ conducted a hearing in March 2019, and subsequently found Plaintiff not disabled. Tr. 15-27. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff did not engage in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: multiple sclerosis, common variable immune deficiency, cervical and lumbar degenerative disc disease, osteoarthritis of the hips and back, obesity, history of cerebral vascular accident, arrhythmia/atrial fibrillation, asthmas, hypertension, pain disorder v. somatic symptom disorder, major depressive disorder, and anxiety.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform sedentary work with additional limitations: she can occasionally balance and stoop. She may use a medically required handheld assistive device as needed for ambulation. She can never climb, kneel, crouch, or crawl. She should avoid even moderate exposure to extreme heat, hazards, and heights. She can perform simple, routine tasks. She can follow short, simple instructions. She can do work that needs little or no judgment. She can perform simple duties that can be learned on the job in a short period. She requires a work environment that is predictable and with few work setting changes.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 15-27.

//

//

//

---

[2] 20 C.F.R. § 404.1520.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

**DISCUSSION**

**1.      Medical opinion evidence[4]**

David Moore, Ph.D., performed a consultative psychological evaluation of Plaintiff in March 2018, and wrote a narrative report describing Plaintiff's symptoms and limitations. Tr. 554-62. The ALJ found this opinion to be only partially persuasive, noting Dr. Moore referred to an outdated version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), and finding Dr. Moore did not identify any specific functional limitations, beyond noting Plaintiff had some scores in the low-average range on memory testing and opining that her symptoms would improve with behavioral health services. Tr. 25. The ALJ found Dr. Moore's minimal findings were consistent with his generally normal examination as well as Plaintiff's self-reports. *Id.*

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g., Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard

---

[4] Plaintiff devotes a portion of her opening brief to summarizing various parts of the medical record that she acknowledges do not identify any particular functional limitations, but she contends they generally corroborate her testimony. Dkt. 13 at 5-10. This portion of the briefing does not articulate error in the ALJ's assessment of the challenged medical evidence.

refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

Plaintiff argues the ALJ's analysis is not supported by substantial evidence because there is no reason to believe the use of an outdated version of the DSM affected Dr. Moore's opinion, and because Dr. Moore's testing revealed Plaintiff "has significant deficits in memory and concentration[,]" even if Dr. Moore "did not state a particularly clear opinion regarding [Plaintiff's] functional limitations[.]"  Dkt. 13 at 5.

Plaintiff has failed to show harmful error in the ALJ's assessment of Dr. Moore's opinion.  Even if Plaintiff is correct Dr. Moore's use of a superseded DSM multi-axial diagnostic outline "for organizational purposes" (Tr. 561) did not affect his conclusions, Plaintiff has failed to show the ALJ erred in assessing Dr. Moore's conclusions and/or test results.  Plaintiff emphasizes Dr. Moore's testing shows "significant deficits in memory and concentration" (Dkt. 13 at 5), but the ALJ included significant cognitive restrictions in the RFC assessment.  *See* Tr. 21.  Plaintiff also points to the various diagnoses Dr. Moore listed (Tr. 561), but has not shown that Dr. Moore's opinion indicated these conditions cause any limitations not accounted for by

the ALJ. Because the ALJ's interpretation of Dr. Moore's opinion cannot be said to be unreasonable and supported by substantial evidence, and the ALJ accounted for Dr. Moore's opinion in the RFC assessment, Plaintiff has failed to carry her burden of showing the ALJ harmfully erred.

Plaintiff also argues the ALJ erred in finding the State agency physical and psychological opinions to be generally persuasive. Dkt. 13 at 10-11. Plaintiff has failed to point to any harmful error in this aspect of the ALJ's decision.[5] The ALJ cited substantial evidence in explaining why he found the consultants' opinion Plaintiff was limited to no more than three-step tasks to be inconsistent with the record. Tr. 24-25. The ALJ also cited substantial evidence to explain why he found Plaintiff to be more physically restricted than the consultants found her to be. Tr. 25. That Plaintiff contends other evidence in the record shows her to be more restricted than indicated in the State agency opinions does not establish error in the ALJ's assessment of the State agency opinions. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

**B.     Plaintiff's symptom testimony**

The ALJ summarized Plaintiff's subjective symptom testimony and explained he discounted it because (1) her physical symptoms were controlled with medication and treatment,

---

[5] Plaintiff notes that the State agency psychological consultant who reviewed her record upon reconsideration was not qualified as a consultant due to a restriction on his medical license. *See* Tr. 236. But the reconsideration opinion affirms the initial opinion (Tr. 86-87, 99-101), which is not marred by any licensing irregularity. Plaintiff has not shown any harm flowing from the ALJ's failure to acknowledge that the reconsideration consultant lacked qualifications as a consultant.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

(2) her mental symptoms were treated on a limited basis and improved with medication and reduction in stress, and (3) her activities are inconsistent with the limitations she described. Tr. 22-24. In the Ninth Circuit, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first argues the ALJ erred in applying the "objective evidence test," but has not shown that the ALJ relied solely on a lack of corroboration in the objective record to discount Plaintiff's allegations. Dkt. 13 at 12.

Next, Plaintiff argues the ALJ erred in citing records showing that her conditions were described as "stable," because "stable" does not mean "symptom-free." Dkt. 13 at 12. That may be true, but Plaintiff has not pointed to any particular evidence demonstrating that her stabilized conditions caused symptoms unaccounted for by the ALJ, and thus has failed to show that the ALJ's characterization of the record is inaccurate or incomplete.

Lastly, Plaintiff argues the ALJ's description of her activities fails to establish any inconsistency with her allegations, or demonstrate the existence of transferable work skills, and thus constitutes an improper basis for discounting her allegations. Dkt. 13 at 12-13. Even if Plaintiff is correct that this line of the ALJ's reasoning is erroneous, she has failed to show that the ALJ's other lines of reasoning are erroneous and thus any error as to activities is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ properly discounted Plaintiff's physical and mental allegations based on improvement with treatment and normal testing. Tr. 22-23; *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved

with use of medication). Accordingly, the Court affirms the ALJ's assessment of Plaintiff's testimony.

C.     **Lay evidence**

The regulations require claimants submit or inform an ALJ about all written evidence to be considered at the hearing no later than five business days before the hearing. 20 C.F.R. § 404.935(a). There are exceptions to this rule, set forth in 20 C.F.R. § 404.935(b). In this case, counsel submitted a letter more than five days before the hearing listing certain treatment records as outstanding; some of them were submitted more than five days before the hearing, and some were submitted one day before the hearing. *See* Tr. 15, 235 ("the five-day letter").

At the hearing, the ALJ indicated Plaintiff's five-day letter did not satisfy the specificity requirements in the five-day rule, nor did any exceptions apply, but in the written decision the ALJ provided a one-time exception and admitted the untimely treatment records. Tr. 15-16, 36-39. The ALJ did, however, exclude lay statements (written by Plaintiff's husband and sister) that were not listed in counsel's five-day letter and were submitted fewer than five days before the hearing. Tr. 16; Dkt. 13-1.

Plaintiff argues the five-day rule, and Social Security Ruling 17-4p explaining the five-day rule, are arbitrary, capricious, and manifestly contrary to the Social Security Act because they permit an ALJ to ignore evidence "adduced at the hearing" and undercut an ALJ's obligation to fully and fairly develop the record. Dkt. 13 at 3. This argument is not persuasive: the Social Security Act explicitly gives the Commissioner the authority to regulate "the method of taking and furnishing" evidence (42 U.S.C. § 405(a)), and providing a deadline for the furnishing of evidence (with exceptions) is reasonable, rather than arbitrary or capricious, in light of the ALJ's need to review the record in order to efficiently conduct an administrative hearing.

Furthermore, Plaintiff has not shown that the ALJ's decision was impacted by the lack of consideration given to the lay statements. *See* Dkt. 13 at 16. In the absence of any argument the ALJ's failure to consider the lay statements was harmful, the Court finds no basis to disturb the ALJ's decision in light of the lay statements.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of June 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge